IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

REESE & HOWELL, INC.            )
                               )
        Plaintiff,             )
                               )
v.                             )    CASE NO. 2:06cv-998-WKW
                               )
LEON CARMICHAEL, SR.;          )
UNITED STATES OF AMERICA,      )
                               )
        Defendants.            )

RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT

The United States of America (United States), by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, hereby respectfully submits the following Response to plaintiff's Motion for Partial Summary Judgment:

I.  Background

Plaintiff Reese & Howell, Inc. (hereinafter, "Reese"), filed its motion for partial summary judgment on April 19, 2007. Reese seeks entry of judgment in its favor in the amount of $297,477.68 "plus per diem interest at the contract rate."

Reese filed a materialman's lien against certain real property owned by Leon Carmichael, Sr. (hereinafter, "Carmichael") in the amount of $182,367.28 and duly recorded the same. Reese subsequently filed an action in the Circuit Court of Montgomery County, Alabama (Reese v. Carmichael, Case No. CV-03-2988) to perfect its alleged lien. Reese later amended this state action to include the United States as a party. The United States then

removed the State action to this Court.

The sole issue before the Court is the validity of the materialman's lien alleged by Reese and, if valid, the amount thereof.

## II. Argument

A.    Case Law and Argument

Section 8-8-8, Code of Alabama (1975) provides as follows:

> All contracts, express or implied, for the payment of money, or other thing, or for the performance of any act or duty bear interest from the day such money, or thing, estimating it at its money value, should have been paid, or such act, estimating the compensation therefor in money, performed.

Three general rules have been laid out for determining the allowance of interest in Alabama: "(1) the amount due must be certain; (2) the time when it is due must be certain; (3) the amount due and time of payment must be known to the debtor." (cite omitted). Wood v. Central Bank of the South, 435 So.2d 1287, 1291 (Ala.Civ.App. 1982).

> "in contract cases, where the amount is certain or can be made certain as

> to damages at the time of breach, the amount may be increased by the addition of legal interest from that time until recovery." <u>Miller and Co., Inc. v. McCown</u>, 531 So.2d 888, 889 (Ala. 1988) (other cite omitted).

<u>Federal Ins. Co. v. Dean Const. Co.</u>, 432 F.Supp.2d 1256, 1261 (M.D.Ala. 2006).

The mechanic's lien is a creation of the law and not of contract. <u>See</u> <u>Richards v. William Beach Hardware Co.</u>, 7 So.2d 492, 497 (Ala. 1942). However,

> a binding contract, express of implied, to pay for improvements made upon real property,....is essential to the creation or to the existence of a mechanic's or materialman's lien. (cite omitted).

<u>Richardson, et al. v. Little</u>, 96 So. 144 (Ala. 1923).

Reese seeks to impose the contractual rate of interest specified (18%) upon its claimed lien. The United States maintains that Reese has not made the showing required by Section 8-8-8 of the Code of Alabama and thus is entitled only to post-judgment interest upon the judgment entered, if any. Further, pursuant to <u>Miller</u>, it appears that Reese may be limited to collecting the legal rate of interest only, rather than the contractual rate,

should interest be applied.

First, the only evidence of a sum certain attributable to the contract is the April 19, 2007, affidavit of Pickett Reese. Two documents (Estimates 8 & 9) attached to their motion show the amounts due of $152,942 and $29,425.09 respectively. None of the other documents attached to said motion show an amount due. Based solely upon the documents submitted to this court, it is impossible to determine what amount is due and when any amount became due. Further, Reese is silent as to the time of Carmichael's breach of the contract and the amount due at the time of the breach. Finally, Reese does not show that Carmichael was aware of the amount due and the time for payment of such amount due. (The affidavit does state that Carmichael was billed for materials and services but no copy of these bills were submitted.)

As shown, the requirements of <u>Wood</u> and <u>Federal Ins. Co.</u> are not met.  Reese's recovery therefor is limited to the amount found to be due under the contact without the application of pre-judgment interest.

   B.   <u>Unsupported Evidence Submission</u>

Pickett Reese's affidavit avers to a true and correct copy of the contract between Reese & Howell.  A copy of said November 22, 2002, contract is attached to the affidavit along with attachment A (to the contract) thereto. (Attachment A consists of two estimates of costs, the first purportedly signed by Leon Carmichael, the second not signed at all.)

However, also attached to the affidavit is Change Order #1 (March 24, 2003); Change Order #3 (May 19, 2003); Estimate #9 (October 1, 2003) and Estimate #8 (June 26, 2003). These documents are not mentioned in the affidavit and are not part of the contract. (The affidavit specifically states that the contract referenced was "entered" on November 22, 2002.) Accordingly, they are not properly authenticated and should not be considered by the Court.

## III. Conclusion

There are genuine issues of material fact regarding amounts due under the contract and under law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). These issues are material because they impinge upon the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The court must view the evidence and the inferences thereof in a light most favorable to the United States. See Celotex, 477 U.S. at 322-23. Under these circumstances, summary judgment should be denied.

Should the Court decide that partial summary judgment is appropriate on the issue of the amount due for materials and services rendered, the matter of interest due and the rate of interest applicable is certainly at issue and must be reserved for trial.

Respectfully submitted this 21st day of May, 2007.

FOR THE UNITED STATES ATTORNEY
LEURA G. CANARY

/s/John T. Harmon
John T. Harmon
Assistant United States Attorney
Bar Number: 7068-II58J
Office of the United States Attorney
Middle District of Alabama
One Court Square, Suite 201 (36104)
Post Office Box 197
Montgomery, Alabama 36101-0197
Telephone:(334) 223-7280
Facsimile:(334) 223-7560
E-mail: John.Harmon@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/John T. Harmon
John T. Harmon
Assistant United States Attorney