IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| REESE & HOWELL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | 2:06-cv-W998-WKW |
| LEON CARMICHAEL, SR.; UNITED ) | |
| STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

## REESE & HOWELL, INC.'S REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Reese & Howell, Inc. ("R&H") replies to the Response to Motion for Partial Summary Judgment ("Response," Document # 5) filed by the Defendant United States of America ("United States") as follows:

### I.   INTRODUCTION

The United States' Response is devoted to trying to show that there is a genuine issue of material fact regarding the validity of R&H's materialman's lien and the amount of interest due under R&H's materialman's lien, if valid. After reviewing the evidence before the Court, it is abundantly clear that there are no <u>material</u> facts which are disputed. The facts, upon which R&H's Motion for Partial Summary Judgment ("Motion," Document # 4), incorporated by reference as if set out here in full, is based, are undisputed and the United States does not and cannot dispute them. Therefore, R&H's motion for partial summary judgment should be entered against Carmichael and the United States as a matter of law on R&H's materialman's lien claim.

181319.1

II. **ARGUMENT**

A. **THE UNDISPUTED EVIDENCE AND CASE LAW SUPPORT A SUMMARY JUDGMENT IN FAVOR OF REESE & HOWELL.**

1. **Reese & Howell's lien is valid.**

Although the United States argues in its Response that the validity of the materialman's lien alleged by R&H is at issue, the United States has not presented any evidence supporting its contention that R&H's materialman's lien is not valid. In its Response, the United States states that the validity of R&H's lien is at issue, but fails to make any argument or present any evidence that would support such a contention. As clearly set forth in R&H's Motion, it is undisputed, and uncontroverted by the United States, that R&H performed work and supplied materials which enhanced the value of the land which is the subject of the lien, that R&H was not paid for that work and material, and that R&H complied with the requirements of *Ala. Code* § 35-11-213 in filing its materialman's lien against the property. Further, it is undisputed and uncontroverted that R&H's duly filed materialman's lien was transferred to the proceeds of the sale of the Carmichael Center. Accordingly, because there is no genuine issue of material fact concerning R&H's materialman's lien claim, the claim is ripe for the Court to enter partial summary judgment in favor of R&H.

2. **Reese & Howell is entitled to interest at the Contract rate on the lien amount.**

The United States argues that R&H should not be entitled to interest on the lien amount because R&H has failed to present evidence concerning the amount of the debt due from Carmichael and when it became due. However and as set forth herein, it appears that the United States simply overlooked and/or misread the Affidavit of Pickett Reese with exhibits

2

("Affidavit"), attached to R&H's Motion, which is replete with testimony establishing the amount of the debt and when it became due.[1]

      a. **The uncontroverted testimony of Pickett Reese establishes the amount of the lien and when payment became due.**

The United States asserts that the R&H failed to attach any documents that show an amount due. However, the Affidavit clearly states that "Carmichael has not paid Reese & Howell for the unpaid materials and labor billed to Carmichael in Estimates 8 and 9." (*See* Affidavit of Pickett Reese.) Estimates 8 and 9 attached to the Affidavit as Exhibit 2 clearly indicate the amounts due as being $152,942.19 for Estimate 8 and $29,425.09 for Estimate 9. The combination of these unpaid amounts due under Estimates 8 and 9 equals the $182,367.28 due to R&H under the Contract as clearly stated in the Affidavit. (*See* Contract, attached as Exhibit 2 to Ex. A.)

Next, the United States contends that, based on the documents submitted by R&H to the Court, it is impossible to determine when any amount became due. However, as stated in R&H's Motion, the Contract between R&H and Carmichael clearly states, in pertinent part, that "… (a) Each month, the contractor will prepare an estimate for the portion of work performed thereof up to the first day of that month. This amount will then be due to the contractor, by the 15th day of that month less the aggregate of previous payments … ." (*See* Contract, attached as Exhibit 1 to Ex. A.) For Estimate 8, the estimate was billed on July 28, 2003 and would become due on August 15, 2003 (because it was after the 15th of July). For Estimate 9, the estimate was billed on October 1, 2003 and would become due on October 15, 2003.

---

[1] For the convenience of the Court, the Affidavit of Pickett Reese with Exhibits is attached hereto.

3

Finally, the United States argues that R&H does not show that Carmichael was aware of the amount due and that no copy of these bills was submitted. Again, as previously stated herein, the testimony in the Affidavit clearly states that, "Carmichael has not paid Reese & Howell for the unpaid materials and labor <u>billed to Carmichael in Estimates 8 and 9</u>." (*See* Affidavit of Pickett Reese.) (emphasis added). The United States' argument appears to be based on a deliberate misreading of the term "estimate," as something other than what it is—a statement of the progress of the work on the project and bill for the same. Again, as previously noted herein, the Contract states, "… (a) Each month, the contractor will <u>prepare an estimate</u> for the portion of work performed thereof up to the first day of that month. This amount will then be due to the contractor, by the 15th day of that month less the aggregate of previous payments … ." (*See* Contract, attached as Exhibit 1 to Ex. A.) (emphasis added.) Thus, the Contract's unambiguous language indicates that an "estimate" is nothing more than a bill. Clearly, Estimates 8 and 9, as exhibits to the Affidavit attached to R&H's Motion, were copies of the bills sent to Carmichael.

      **b.    The United States has provided no legal authority that would prohibit the Court from awarding interest at the Contract rate.**

The United States has failed to provide any legal authority that would support its position that R&H is not entitled to the Contract rate of interest as part of its lien claim. The United States cites only one case, *Miller & Co., Inc. v. McCown*, 531 So. 2d 888 (Ala. 1988), which is clearly distinguishable from the present case and does not even deal with a materialman's lien or a contract rate of interest. In *Miller*, the Court allowed landowners to recover interest at the legal rate when a timber company breached an agreement to cut only certain trees. *Id.* at 889-90. The *Miller* case concerns the award of interest at a legal rate based on a simple breach of contract case, not the applicable rate of interest to be included in a judgment on a materialman's lien,

4

where there is a rate of interest expressly provided in the Contract. Accordingly, the *Miller* case is irrelevant to a determination in the present case, and interest should be awarded at the Contract rate. *See Benner-Williams, Inc. v. Romine*, 200 Kan. 483 (Kan. 1968) (upholding the finding of trial court that rate of interest stipulated in a note given to cover costs of labor and materials used in improving real estate becomes part of contract and may be recovered in a mechanic's lien foreclosure); *Marple v. Kerns*, No. 5814 slip op. (Vir. Cir. Ct. February 28, 1984) (holding that "even though the mechanic's lien remedy is asserted for the collection of the money, nevertheless the obligation arose out of the written contract and the rate of payment, including the interest rate, would be that provided in the contract, certainly for the signatories to the contract"). As such, there remains no genuine issue of material fact and R&H is entitled to a judgment as a matter of law. Therefore, summary judgment should be entered on R&H's materialman's lien claim in the amount of $297,477.68 as of April 19, 2007, plus per diem interest at the Contract rate of $89.93 per day.

### B. UNITED STATES' ATTEMPT TO STRIKE R&H'S EVIDENTIARY SUBMISSION IS WITHOUT MERIT.

The United States' argument that the Court should not consider certain of R&H's evidentiary materials submitted in support of its Motion is wholly without merit.[2] First, the United States argues that R&H attached to its Affidavit two attachments A, one of which is not signed by Carmichael. However, whether or not both attachments A are signed by Carmichael is immaterial because the Contract, which incorporates attachments A and is signed by Carmichael,

---

[2] The United States seems to say that unless Carmichael confesses judgment on the contract claim there can be no judgment against the United States on the lien claim. This is not true. This Court decides motions for summary judgment in favor of movants where the non-moving party has failed to establish a genuine issue of material fact, like the United States has, all the time.

5

clearly states that "[Carmichael] agrees to pay [] [R&H] those prices as shown on Attachment 'A'." (*See* Exhibit 1.) Further, Estimates 8 and 9 clearly indicate the unpaid amount due R&H.

The United States' argument that the Change Orders #1 and #3 (collectively "Change Orders") attached to the Affidavit are not part of Contract between R&H and Carmichael and are not mentioned in the Affidavit is also without merit. The language contained in the Change Orders clearly states that the Change Orders are "[a]dditions to the original contract," and they are executed by both Carmichael and R&H. Accordingly, the Change Orders are not only clearly part of the Contract, but are also discussed in the Affidavit as the Contract is frequently referenced.

The United States' argument that Estimates 8 and 9 are not mentioned in the Affidavit and are not part of the Contract is also meritless. As stated herein above, the Affidavit attached to R&H's motion unequivocally references Estimates 8 and 9. R&H does not disagree with the United States that Estimates 8 and 9 are not part of the Contract. Rather, Estimates 8 and 9 are bills resulting from R&H's work performed pursuant the Contract. Accordingly, the United States' attempt to preclude certain of R&H's evidentiary submissions from consideration by the Court is without merit, and the Court should enter judgment in R&H's favor on its materialman's lien claim.

### III. CONCLUSION

For the foregoing reasons, R&H's Motion for Partial Summary Judgment is due to be granted and judgment should be entered in favor of R&H in the amount of $297,477.68 as of April 19, 2007, plus per diem interest at $89.93.

Respectfully submitted this 4th day of June, 2007.

                                              s/Josesph Seawell Moore
                                              One of the Attorneys for Plaintiff
                                              Reese & Howell, Inc.

**OF COUNSEL**:
W. Joseph McCorkle (MCC056)
Paul A. Clark (CLA076)
Joseph Seawell Moore (MOO106)
BALCH & BINGHAM LLP
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104-2549
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
jmccorkl@balch.com
pclark@balch.com

## CERTIFICATE OF SERVICE

I certify that on June 4, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and/or that a copy of the foregoing has been served upon the following by United States Mail, properly addressed and postage prepaid to the following.

J. Knox Argo, Esq.
J. Knox Argo, P.C.
6706 Taylor Circle
Montgomery, AL 36117
*Attorney for Leon Carmichael, Sr.*

John T. Harmon
U.S. Attorney's Office
P.O. Box 197
Montgomery, Alabama 36101-0197
*Attorney for United States of America*

                                              s/Joseph Seawell Moore
                                              Of Counsel

# ATTACHMENT

## AFFIDAVIT OF PICKETT REESE

STATE OF ALABAMA          )
COUNTY OF MONTGOMERY  )

Before me, the undersigned authority in and for said County and State, personally appeared Picket Reese, who by me being first duly sworn, did and does depose and say the following:

"I, Pickett Reese, the undersigned, am a resident of the State of Alabama and above the age of nineteen years. I am an officer of Reese & Howell, Inc. ("Reese & Howell"), and have personal knowledge of the facts set forth in this statement.

Reese & Howell was selected by Carmichael to perform work and labor on the property commonly known as the Carmichael Center which is located at 150 E. Fleming Road, Montgomery, Alabama. On November 22, 2002, Reese & Howell and Carmichael entered into a contract ("Contract") defining their respective duties in regards to the materials and labor supplied for the excavation, grading, stripping, curb and gutter, sidewalk, paving, and other site preparation work on the Carmichael Center. A true and correct copy of the contract between Reese & Howell and Carmichael is attached to this affidavit as Exhibit 1.

Reese & Howell performed all of the work required under the Contract. The property owned by Carmichael upon which Reese & Howell performed work under the Contract was substantially enhanced in value by virtue of the labor, materials, and supplies provided by Reese & Howell.

During the course of the Carmichael project, Carmichael was billed for unpaid materials provided and services rendered by Reese & Howell. Carmichael has not paid Reese & Howell for the unpaid materials and labor billed to Carmichael in Estimates 8 and 9. The total unpaid

166338.1

**EXHIBIT A**

amount owed Reese & Howell is $182,367.28. True and correct copies of Estimates 8 and 9 are attached collectively as Exhibit 2 to this affidavit.

The Contract provides that interest will accrue on any unpaid amounts due at a rate of 1 ½ percent per month (18% annually). As of today's date, interest has accrued on the amount owed by Carmichael in the amount of $115,110.40, and continues to accrue at a rate of $89.93 per diem.

Reese & Howell filed a materialman's lien against the property owned by Carmichael in the amount of $182,367.28. That lien was duly executed and recorded in the Office of the Judge of Probate of Montgomery County, Alabama, on November 19, 2003. A verified statement of the lien is recorded in Real Property Book 2780 Page 14. A true and correct copy of the verified statement of Reese & Howell's lien is attached as Exhibit 3 to this affidavit.

FURTHER AFFIANT SAYETH NOT.

_____
PICKETT REESE

Sworn to and subscribed before me on this the 19th day of April, 2007.

[SEAL]

_____
Notary Public
My Commission Expires: _____
My Commission Expires 10-20-2010

166338.1                                    2



# REESE AND HOWELL, INC.

THE STATE OF ALABAMA     }

COUNTY OF Montgomery     }

AGREEMENT BETWEEN
CONTRACTOR AND OWNER

THIS AGREEMENT made and entered into on this **22nd** day of **November, 2002**, between **Leon Carmichael**, of **Montgomery, Alabama**, hereinafter called Owner, and **Reese & Howell, Inc.**, of **Pike Road, Alabama**, hereinafter called the Contractor;

WITNESSETH:

1. Scope of Work: The Contractor will furnish all material associated with Attachment "A". The material will be placed in mutual agreement between the contractor and the owner, for the expansion of owners parking area.

2. Insurance: Workman's Compensation and other insurance as may be required by federal, state and local laws on street, sewer and water projects will be procured by the contractor and maintained by it for the duration of the contract. Liability insurance will be payable to the Owner and Contractor as their interest may appear.

3. Contact Price: The Owner agrees to pay the Contractor those prices as shown on Attachment "A".

(a) Each month, the contractor will prepare an estimate for the portion of work performed thereof up to the first day of that month. This amount will then be due to the contractor, by the 15th day of that month less the aggregate of previous payments; and

(b) Payments due Contractor which are not paid in accordance herewith shall bear interest at the rate of **1 1/2** percent per month (18% annually). In the event it should become necessary to employ counsel to collect this obligation, Owner agrees to pay court cost and reasonable attorney's fee for the services of such attorney, whether suit is brought or not.

The Contractor and the Owner, for themselves, their heirs, successors, executors, administrators and assigns, hereby agree to the full performance of the covenants herein contained.

| Leon Carmichael | Reese & Howell, Inc. |
|---|---|
| Owner | Contractor |
| 12-4-02 | 12-4-02 |
| Date | Date |
| By: | By: |
| Its: Owner | Its: Pres. |

**EXHIBIT 1**

Attachment "A" - Reese & Howell, Inc.

Project No.: Carmichael Center

| Description | Quantity | Unit | Unit Price | Extensio |
|---|---|---|---|---|
| Mobilization | 1 | L.S. | 6,000.00 | 6,000.0 |
| Stripping of Topsoil | 0 | C.Y. | 2.50 | 0.0 |
| Unclassified Excavation (Cut Around Building) | 1,958 | C.Y. | 2.50 | 4,895.0 |
| Borow Excavation | 7,469 | C.Y. | 5.50 | 41,079.5 |
| Subgrade Preparation | 21,129 | S.Y. | 1.00 | 21,129.0 |
| Clay Gravel Base (6"Thick) | 21,129 | S.Y. | 3.25 | 68,669.2 |
| 15" RCP (Class 3) | 112 | L.F. | 30.00 | 3,360.0 |
| Engineering Controls | 0 | Hr. | 100.00 | 0.0 |
| | | | TOTAL | 145,132. |

Contractor's Initials: _[signature] Th E. Ho____

Owner's Initials: _[signature] Jean Carmichael_

Attachment "A" -Reese & Howell, Inc.

Project No.: Carmichael Center

| Description | Quantity | Unit | Unit Price | Extension |
|---|---|---|---|---|
| Mobilization | 1 | L.S. | 6,000.00 | 6,000.00 |
| Stripping Topsoil (6" Thick) | 6,389 | C.Y. | 2.50 | 15,972.50 |
| Stripping Wet Unclassified Excavation | 4,982 | C.Y. | 2.50 | 12,455.00 |
| 12" Undercut Front Parking Lot | 1,133 | C.Y. | 2.50 | 2,832.50 |
| 12" Replacement of Undercut | 1,359 | C.Y. | 5.50 | 7,474.50 |
| Unclassified Excavation (4325) | 9,273 | C.Y. | 2.50 | 23,182.50 |
| Borrow Excavation (On Site Material) | 12,525 | C.Y. | 3.50 | 43,837.50 |
| Subgrade Preparation | 38,828 | S.Y. | 1.00 | 38,828.00 |
| Clay Base (6") | 38,238 | S.Y. | 3.25 | 124,273.50 |
| Topsoil Respread | 2,064 | C.Y. | 3.75 | 7,740.00 |
| 24" Curb & Gutter | 2,021 | L.F. | 10.00 | 20,210.00 |
| 6" Mountable Curb | 1,678 | L.F. | 5.50 | 9,229.00 |
| 24" Rollback Curb | 63 | L.F. | 11.00 | 693.00 |
| Handicap Ramps | 14 | EA. | 150.00 | 2,100.00 |
| 5' Wide Conc. Sidewalk | 253 | S.Y. | 20.00 | 5,060.00 |
| 6' Wide Conc. Sidewalk | 96 | S.Y. | 20.00 | 1,920.00 |
| 12' Wide Conc. Sidewalk | 198 | S.Y. | 20.00 | 3,960.00 |
| Concrete Paving | 1,698 | S.Y. | 26.40 | 44,827.20 |
| 1" 426A Plant Mix (Wear. Surface) | 35,631 | S.Y. | 1.79 | 63,779.49 |
| 2" 327A Plant Mix (Light Duty) | 29,822 | S.Y. | 3.15 | 93,939.30 |
| 3" 327A Plant Mix (Medium Duty) | 5,809 | S.Y. | 4.72 | 27,418.48 |
| Additional Mobilization (Pavement) | 1 | L.S. | 1,000.00 | 1,000.00 |
| 15" RCP Class 3 | 264 | L.F. | 25.00 | 6,600.00 |
| Slope Paved Headwall | 6 | EA. | 850.00 | 5,100.00 |
| Haybales | 20 | EA. | 7.00 | 140.00 |
| Construcion Layout | 1 | L.S. | 13,400.00 | 13,400.00 |
| Topography | 1 | L.S. | 3,600.00 | 3,600.00 |
| | | | TOTAL | 585,572.47 |

Contractor's Initials:_____

Owner's Initials:_____



**REESE AND HOWELL, INC.**

**FILE**

March 24, 2003
Carmichael Center, Montgomery Alabama
Additions to the original contract

Change Order #1
Addition to the south parking lot

| Item | Quantity | Unit | Unit Price | Total |
|---|---|---|---|---|
| Stripping Topsoil (6" thick) | 198 | Cy | 2.50 | $495.00 |
| Undercut Parking Lot | 667 | Cy | 2.50 | $1,667.50 |
| Replacement of Undercut | 800 | Cy | 5.50 | $4,400.00 |
| Borrow Excavation ( on site material ) | 11403 | Cy | 3.50 | $39,910.50 |
| Subgrade Preparation | 6157 | Sy | 1.00 | $6,157.00 |
| Clay Base (6") | 6157 | Sy | 3.25 | $20,010.25 |
| Topsoil Respread | 122 | Cy | 3.75 | $457.50 |
| 24" Curb & Gutter | 16 | Lf | 10.00 | $160.00 |
| 6" Mountable Curb | 83 | Lf | 5.50 | $456.50 |
| Concrete Paving | 1430 | Sy | 26.40 | $37,752.00 |
| 1" 426A Plant Mix (wear surface) | 4727 | Sy | 1.79 | $8,461.33 |
| 2" 327A Plant Mix (light duty) | 4251 | Sy | 3.15 | $13,390.65 |
| 3" 327A Plant Mix (medium duty) | 476 | Sy | 4.72 | $2,246.72 |
| 15" rcp class 3 | 8 | Lf | 25.00 | $200.00 |
| Grassing | 2 | Ac | 2000.00 | $4,000.00 |
| Construction Layout | 1 | Ls | 5500.00 | $5,500.00 |
| **Total Price** | | | | **$145,264.95** |

6" Pump           1   Day   210.00

_____
Mr. Leon Carmichael          Title

3-25-03
Date

_____
Reese & Howell Inc. (Rep)          Title

3-25-03
Date



# REESE AND HOWELL, INC.

May 19, 2003
Carmichael Center - Montgomery, Alabama
Addititons To The Original Contract

Change Order #3
Addition To The South Parking Lot

| ITEM NO. | Item | Quantity | Unit | Unit Price | Total |
|---|---|---|---|---|---|
| 1 | Stripping (6" Thick) | 3,229 | C.Y. | $2.50 | $8,072.50 |
| 2 | Undercut | 4,397 | C.Y. | $2.50 | $10,992.50 |
| 3 | Inclassified Excavation | 1,049 | C.Y. | $2.50 | $2,622.50 |
| 4 | Borrow Excavation | 6,472 | C.Y. | $3.50 | $22,652.00 |
| 5 | Replace Undercut | 5,276 | C.Y. | $5.50 | $29,018.00 |
| 6 | Demolition | 1 | L.S. | $3,000.00 | $3,000.00 |
| 7 | Subgrade Preparaton | 16,124 | S.Y. | $1.00 | $16,124.00 |
| 8 | Clay Base (6") | 14,820 | S.Y. | $3.25 | $48,165.00 |
| 9 | Clay Base (4") | 4,072 | S.Y. | $3.00 | $12,216.00 |
| 10 | Topsoil Respread | 2,000 | C.Y. | $3.75 | $7,500.00 |
| 11 | 24" Curb & Gutter | 2,159 | L.F | $10.00 | $21,590.00 |
| 12 | 30" Curb & Gutter | 206 | L.F. | $12.00 | $2,472.00 |
| 13 | 6" Mountable Curb | 644 | L.F. | $5.50 | $3,542.00 |
| 14 | Asphalt Paving - Surface | 13,694 | S.Y. | $1.79 | $24,512.26 |
| 15 | Asphalt Paving (2") | 12,172 | S.Y. | $3.15 | $38,341.80 |
| 16 | Asphalt Paving (3") | 1,522 | S.Y. | $4.78 | $7,275.16 |
| 17 | Double Flat Grate | 2 | EA. | $3,000.00 | $6,000.00 |
| 18 | Double Wing Outlet | 3 | EA. | $2,250.00 | $6,750.00 |
| 19 | Single Flat Grate | 3 | EA. | $2,500.00 | $7,500.00 |
| 20 | 15" RCP CL 3 | 320 | L.F. | $25.00 | $8,000.00 |
| 21 | 18" RCP CL 3 | 328 | L.F. | $28.00 | $9,184.00 |
| 22 | 30" RCP CL 3 | 120 | L.F. | $40.00 | $4,800.00 |
| 23 | 36" RCP CL 3 | 144 | L.F. | $50.00 | $7,200.00 |
| 24 | Engineering Controls | 1 | L.S. | $9,545.00 | $9,545.00 |
| | | | | TOTAL | $317,074.72 |

Contractor's Initials: _M E. Howell_

Owner's Initials: _____

THE SIGNATURES BY THE ABOVE PARTIES UNDERSTAND THAT THE TOTAL PRICE OF $317,074.72 IS CONTINJUNCY BASED UPON VERIFICATION OF QUANTITIES IN THE APPROXIMATE AMOUNT OF $25,000

WITNESS:



**REESE AND HOWELL, INC.**

Owner:
Leon Carmichael
150 East Fleming Road
Montgomery, Alabama 36105

CONTRATOR:
REESE & HOWELL, INC.
101 MERIWETHER ROAD
PIKE ROAD, ALABAMA 36064

ESTIMATE #: 9
EST. DATE: 10/01/03
R&H JOB #: 208
DATE: 10/01/03

Job: Carmichael Center

| ITEM NO | ITEM DESCRIPTION | CONTRACT QUANTITY | UNIT | UNIT PRICE | QUANITY COMP. THIS ESTIMATE | TOTAL VALUE OF WORK THIS ESTIMATE | QUANITY COMP. TO DATE | TOTAL VALUE OF WORK TO DATE |
|---|---|---|---|---|---|---|---|---|
| 1 | Mobilization | 1 | Ls | $6,000.00 | 0% | $0.00 | 100% | $6,000.00 |
| 2 | Stripping Topsoil (6" thick) | 9789 | Cy | $2.50 | 0.00 | $0.00 | 9789.00 | $24,472.50 |
| 3 | Stripping Wet Unclassified Excavation | 4982 | Cy | $2.50 | 0.00 | $0.00 | 4982.00 | $12,455.00 |
| 4 | 12" Undercut Front Parking Lot | 3005 | Cy | $2.50 | 0.00 | $0.00 | 3005.00 | $7,512.50 |
| 5 | 12" Replacement of Undercut | 3605 | Cy | $5.50 | 0.00 | $0.00 | 3605.00 | $19,827.50 |
| 6 | Unclassified Excavation | 9273 | Cy | $2.50 | 0.00 | $0.00 | 9273.00 | $23,182.50 |
| 7 | Borrow Excavation ( on site material ) | 12525 | Cy | $3.50 | 0.00 | $0.00 | 15525.00 | $54,337.50 |
| 8 | Subgrade Preparation | 38828 | Sy | $1.00 | 0.00 | $0.00 | 38828.00 | $38,828.00 |
| 9 | Clay Base (6") | 38238 | Sy | $3.25 | 0.00 | $0.00 | 38238.00 | $124,273.50 |
| 10 | Topsoil Respread | 2064 | Cy | $3.75 | 0.00 | $0.00 | 2064.00 | $7,740.00 |
| 11 | 24" Curb & Gutter | 2021 | Lf | $10.00 | 31.00 | $310.00 | 2052.00 | $20,520.00 |
| 12 | 6" Mountable Curb | 1678 | Lf | $5.50 | 0.00 | $0.00 | 1723.00 | $9,476.50 |
| 13 | 24" Rollback Curb | 63 | Lf | $11.00 | 0.00 | $0.00 | 63.00 | $693.00 |
| 14 | Handicap Ramps | 14 | Ea | $150.00 | 0.00 | $0.00 | 14.00 | $2,100.00 |
| 15 | 5' Wide Conc. Sidewalk | 253 | Sy | $20.00 | 16.50 | $330.00 | 269.50 | $5,390.00 |
| 16 | 6' Wide Conc. Sidewalk | 96 | Sy | $20.00 | 0.00 | $0.00 | 96.00 | $1,920.00 |
| 17 | 12' Wide Conc. Sidewalk | 198 | Sy | $20.00 | 0.00 | $0.00 | 198.00 | $3,960.00 |
| 18 | Concrete Paving | 1698 | Sy | $26.40 | 0.00 | $0.00 | 1698.00 | $44,827.20 |
| 19 | 1" 426A Plant Mix (wear surface) | 35631 | Sy | $1.79 | 0.00 | $0.00 | 0.00 | $0.00 |
| 20 | 2" 327A Plant Mix (light duty) | 29822 | Sy | $3.15 | 0.00 | $0.00 | 0.00 | $0.00 |
| 21 | 3" 327A Plant Mix (medium duty) | 5809 | Sy | $4.72 | 0.00 | $0.00 | 0.00 | $0.00 |
| 22 | Additional Mobilization (pavement) | 1 | Ls | $1,000.00 | 0% | $0.00 | 0% | $0.00 |
| 23 | 15" rcp class 3 | 264 | Lf | $25.00 | 0.00 | $0.00 | 264.00 | $6,600.00 |
| 24 | Slope Paved Headwall | 6 | Ea | $850.00 | 0.00 | $0.00 | 6.00 | $5,100.00 |
| 25 | Haybales | 20 | Ea | $7.00 | 0.00 | $0.00 | 0.00 | $0.00 |
| 26 | Construction Layout | 1 | Ls | $13,400.00 | 0% | $0.00 | 100% | $13,400.00 |
| 27 | Topography | 1 | Ls | $3,600.00 | 0% | $0.00 | 100% | $3,600.00 |
| 28 | 6" Pump Rental | Each | PD | $210.00 | 0.00 | $0.00 | 23.00 | $4,830.00 |
| 29 | Change Order #1 | 1 | L.S | $145,264.95 | 2.7540% | $4,000.60 | 83% | $121,166.84 |
| 30 | Change Order #3 | 1 | L.S. | $317,074.72 | 7.8166% | $24,784.50 | 63% | $199,739.50 |
| 31 | Change Order #4 | 1 | L.S. | $4,620.00 | 0.00 | $0.00 | 1.00 | $4,620.00 |
| 32 | Extra Work | 1 | L.S. | $6,495.00 | 0.00 | $0.00 | 1.00 | $6,495.00 |

TOTAL VALUE OF WORK COMPLETED TO DATE       $29,425.09     $773,067.04

SUB TOTAL       $29,425.09     $773,067.04

LESS  PREVIOUS ESTIMATES       $0.00     $743,641.94

EXHIBIT 2

CURRENT AMOUNT DUE THIS PAY ESTIMATE       $29,425.09     $29,425.09



# REESE AND HOWELL, INC.

Owner:
Leon Carmichael
150 East Fleming Road
Montgomery, Alabama 36105

CONTRATOR:
REESE & HOWELL, INC.
101 MERIWETHER ROAD
PIKE ROAD, ALABAMA 36064

ESTIMATE #: 8
EST. DATE: 06/26/03
R&H JOB #: 208
DATE: 07/28/03

Job: Carmichael Center

| ITEM NO | ITEM DESCRIPTION | CONTRACT QUANTITY | UNIT | UNIT PRICE | QUANITY COMP. THIS ESTIMATE | TOTAL VALUE OF WORK THIS ESTIMATE | QUANITY COMP. TO DATE | TOTAL VALUE OF WORK TO DATE |
|---|---|---|---|---|---|---|---|---|
| 1 | Mobilization | 1 | Ls | $6,000.00 | 0% | $0.00 | 100% | $6,000.00 |
| 2 | Stripping Topsoil (6" thick) | 9789 | Cy | $2.50 | 0 | $0.00 | 9789.00 | $24,472.50 |
| 3 | Stripping Wet Unclassified Excavation | 4982 | Cy | $2.50 | 0 | $0.00 | 4982.00 | $12,455.00 |
| 4 | 12" Undercut Front Parking Lot | 3005 | Cy | $2.50 | 0 | $0.00 | 3005.00 | $7,512.50 |
| 5 | 12" Replacement of Undercut | 3605 | Cy | $5.50 | 0 | $0.00 | 3605.00 | $19,827.50 |
| 6 | Unclassified Excavation | 9273 | Cy | $2.50 | 0 | $0.00 | 9273.00 | $23,182.50 |
| 7 | Borrow Excavation (on site material) | 12525 | Cy | $3.50 | 0 | $0.00 | 15525.00 | $54,337.50 |
| 8 | Subgrade Preparation | 38828 | Sy | $1.00 | 0 | $0.00 | 38828.00 | $38,828.00 |
| 9 | Clay Base (6") | 38238 | Sy | $3.25 | 0 | $0.00 | 38238.00 | $124,273.50 |
| 10 | Topsoil Respread | 2064 | Cy | $3.75 | 524 | $1,965.00 | 2064.00 | $7,740.00 |
| 11 | 24" Curb & Gutter | 2021 | Lf | $10.00 | 0 | $0.00 | 2021.00 | $20,210.00 |
| 12 | 6" Mountable Curb | 1678 | Lf | $5.50 | 45 | $247.50 | 1723.00 | $9,476.50 |
| 13 | 24" Rollback Curb | 63 | Lf | $11.00 | 0 | $0.00 | 63.00 | $693.00 |
| 14 | Handicap Ramps | 14 | Ea | $150.00 | 0 | $0.00 | 14.00 | $2,100.00 |
| 15 | 5' Wide Conc. Sidewalk | 253 | Sy | $20.00 | 0 | $0.00 | 253.00 | $5,060.00 |
| 16 | 6' Wide Conc. Sidewalk | 96 | Sy | $20.00 | 0.0 | $0.00 | 96.00 | $1,920.00 |
| 17 | 12' Wide Conc. Sidewalk | 198 | Sy | $20.00 | 0 | $0.00 | 198.00 | $3,960.00 |
| 18 | Concrete Paving | 1698 | Sy | $26.40 | 0 | $0.00 | 1698.00 | $44,827.20 |
| 19 | 1" 426A Plant Mix (wear surface) | 35631 | Sy | $1.79 | 0 | $0.00 | 0.00 | $0.00 |
| 20 | 2" 327A Plant Mix (light duty) | 29822 | Sy | $3.15 | 0 | $0.00 | 0.00 | $0.00 |
| 21 | 3" 327A Plant Mix (medium duty) | 5809 | Sy | $4.72 | 0 | $0.00 | 0.00 | $0.00 |
| 22 | Additional Mobilization (pavement) | 1 | Ls | $1,000.00 | 0% | $0.00 | 0% | $0.00 |
| 23 | 15" rcp class 3 | 264 | Lf | $25.00 | 0 | $0.00 | 264.00 | $6,600.00 |
| 24 | Slope Paved Headwall | 6 | Ea | $850.00 | 0 | $0.00 | 6.00 | $5,100.00 |
| 25 | Haybales | 20 | Ea | $7.00 | 0 | $0.00 | 0.00 | $0.00 |
| 26 | Construction Layout | 1 | Ls | $13,400.00 | 0% | $0.00 | 100% | $13,400.00 |
| 27 | Topography | 1 | Ls | $3,600.00 | 0% | $0.00 | 100% | $3,600.00 |
| 28 | 6" Pump Rental | Each | PD | $210.00 | 0 | $0.00 | 23.00 | $4,830.00 |
| 29 | Change Order #1 | 1 | L.S | $145,264.95 | 0.0000% | $0.00 | 81% | $117,166.2 |
| 30 | Change Order #3 | 1 | L.S. | $317,074.72 | 12.4831% | $39,580.66 | 55% | $174,955.0 |
| 31 | Change Order #4 | 1 | L.S. | $4,620.00 | 0.0 | $0.00 | 1.00 | $4,620.0 |
| 32 | Extra Work | 1 | L.S. | $6,495.00 | 1.0 | $6,495.00 | 1.00 | $6,495.0 |

TOTAL VALUE OF WORK COMPLETED TO DATE                                    $48,288.16        $743,641.9

SUB TOTAL                                                                 $48,288.16        $743,641.9

LESS PREVIOUS ESTIMATES                                                   $0.00             $590,699.7
PLUS AMOUNT UNPAID PREVIOUS ESTIMATE                                      $104,654.03

CURRENT AMOUNT DUE THIS PAY ESTIMATE                                      $152,942.19       $152,942.1



STATE OF ALABAMA
MONTGOMERY COUNTY

### VERIFIED STATEMENT OF LIEN

Reese & Howell, Inc., files this statement in writing, verified by the oath of Pickett Reese, Vice President, who has personal knowledge of the facts set forth herein:

That Reese & Howell, Inc., claims a lien upon the following property, situated in Montgomery County, Alabama, to-wit:

**That property commonly known as The Carmichael Center, 150 East Fleming Road, Montgomery, Alabama, 36105**

That said lien is claimed, separately and severally, as to both the buildings and improvements thereon, and the said land.

That said lien is claimed to secure an indebtedness of $182,367.28, with interest thereon from October 1, 2003, for materials and for labor supplied for the excavation, grading, stripping, curb and gutter, sidewalk, and other site preparation work on the property known as the Carmichael Center.

The name of the owner of said property is Leon Carmichael.

[THIS SPACE LEFT BLANK INTENTIONALLY]

138596.1

**EXHIBIT 3**

Dated this 19th day of November, 2003

_____
REESE & HOWELL, INC.

BY: Pickett Reese
its: Vice President

STATE OF ALABAMA          ]

COUNTY OF MONTGOMERY      ]

I, the undersigned authority, in and for said County and State, hereby certify that Pickett Reese, whose name as Vice President of REESE & HOWELL, LLC, is signed to the foregoing Statement of Lien, and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he, as such and with full authority, executed the same voluntarily on the day the same bears date, for and on behalf of said corporation.

GIVEN under my hand and seal on this 19th day of November, 2003.

_____
Notary Public

[SEAL]

My Commission Expires: 12/05/05

This instrument Prepared by:
Paul A. Clark, Esq.
BALCH & BINGHAM LLP
P. O. Box 78
Montgomery, Alabama 36101

138596.1

[Stamp: STATE OF ALABAMA MONTGOMERY CO. I CERTIFY THIS INSTRUMENT WAS FILED ON 2003 NOV 20 AM 8:19 REESE MCKINNEY, JR. JUDGE OF PROBATE]

[Fee stamp:]
INDEX        0.50
INDEX        5.00
RECORD FEE   1.00
RECORD FEE   5.00
CASH        11.00
ITEM         3
11-20-2003 #1   1CL    8441 09:17TT