IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| REESE & HOWELL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:06-cv-998-WKW |
| ) | |
| LEON CARMICHAEL, SR., ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This action concerns the validity, priority and enforcement of a materialmen's lien (the "lien") under Alabama law.[1] It was removed from the Circuit Court of Montgomery County, Alabama, by the United States of America. The case arises out of and is ancillary to the forfeiture to the government of certain real property in the criminal prosecution of its former owner, Leon Carmichael. *See United States v. Carmichael*, No. 2:03-cr-259-MHT (M.D. Ala.). Before the court is the Motion for Partial Summary Judgment (Doc. # 2) filed by plaintiff Reese & Howell, Inc. ("R & H"). The motion is fully briefed and ripe for decision. For the reasons discussed below, the motion is due to be granted.

---

[1] The Alabama Code refers to such liens as belonging to "Mechanics and Materialmen." Ala. Code § 35-11-210 – § 35-11-234 (1975). "The term 'mechanic's lien' is the generic name for any lien on realty in favor of persons furnishing labor or materials in, or for, the erection of buildings, or for the making of improvements on realty." *Hartford Accident & Indem. Co., Inc. v. Am. Country Clubs, Inc.*, 353 So. 2d 1147, 1148 (Ala. 1978) (citing *Emanuel v. Underwood Coal & Supply Co.*, 14 So. 2d 151 (1943)). "Mechanics" and "materialmen" are used interchangeably in the cases and the briefs of the parties, and "material*man*" is a spelling variant frequently used as well. For consistency, the court will use "lien" or "materialmen's lien" except when a direct quote requires otherwise.

## I. FACTS AND PROCEDURAL HISTORY[2]

On November 22, 2002, R & H, a construction company, entered into a written contract with Defendant Leon Carmichael ("Carmichael") to provide labor and materials for a construction project at the Carmichael Center. The contract contained the following provision: "Payments due Contractor which are not paid in accordance herewith shall bear interest at the rate of 1 1/2 percent per month (18% annually)." (Reese Aff., Ex. 1.) Because Carmichael never paid for the labor and materials, R & H filed a materialmen's lien in the amount of $182,367.28 against the Carmichael Center in the Probate Court of Montgomery County, Alabama, on November 19, 2003. On the same day, Carmichael was indicted on drug-related charges in this district. Carmichael was convicted and sentenced to prison on a superseding indictment for conspiring to distribute marijuana and conspiring to commit money laundering. The superseding indictment included forfeiture allegations, which ultimately resulted in Carmichael's forfeiture of the Carmichael Center. *See United States v. Carmichael*, No. 2:03-cr-259-MHT (M.D. Ala. Aug. 15, 2005) (second preliminary order of forfeiture) (Doc. # 503).

In the meantime, on December 19, 2003, the United States filed a lis pendens in the Probate Court of Montgomery County, giving notice of its forfeiture interest in the Carmichael Center. The next month, on January 6, 2004, R & H filed an action against Carmichael in state court to enforce the materialmen's lien. In Carmichael's criminal case,

---

[2] A more detailed statement of facts is rendered in Judge Thompson's March 14, 2006 opinion in Carmichael's criminal case. *See United States v. Carmichael*, 419 F. Supp. 2d 1376 (M.D. Ala. 2006).

2

Judge Thompson noted that the government had not been joined in the state court action and determined the state court would decide certain relevant issues:

> The state court has yet to enter judgment establishing R & H's lien, and the government may yet be joined, or intervene, in that action to assert its interest in the property. Even if it does so, it is unclear whether the state court will need to decide the status of a lis pendens, since the government's lis pendens was filed after R & H filed its statement of lien. Following Lily Flagg, this timing arguably absolves R & H from any obligation to join the government in the state-court action, even if the lis pendens is to be considered a valid property interest. Regardless, these issues will either be decided by the state court, or if the state court establishes R & H's lien without deciding the question of joinder, by this court at a later date. For the time being, R & H's lien remains attached to the Carmichael Center.

*See United States v. Carmichael*, No. 2:03-cr-259-MHT (M.D. Ala. June 7, 2006) (opinion) (Doc. # 708, at *28-29). The government was subsequently joined in and removed the state court action, which is now the instant action before this court. Though he is a party to this action, Carmichael has taken no position on the pending motion.

## II. DISCUSSION

The issues before the court are whether judgment on the materialmen's lien should be entered in favor of R & H and, if so, the amount of that judgment. In its amended complaint, R & H pleads for a money judgment against Carmichael and the United States in the amount of $182,367.28, plus interest and costs, and requests "[t]hat a mechanic's lien be fixed and established on the proceeds held by the United States Marshal's Service from the interlocutory sale of the Carmichael Center."[3] (Am. Compl. 4.) R & H further quantified its

---

[3] Judge Thompson authorized the government's sale of the Carmichael Center, with the proceeds of the sale subject to resolution of the lien issues now before this court. *United States v. Carmichael*,

demand with a calculation of accrued interest due at the contract rate of eighteen percent per annum, resulting in a per diem of $89.93 and a total interest due of $115,110.40 as of April 19, 2007.  (R & H's Br. 2, 8.)

The government does not challenge the validity of the lien in its opposition to the motion, but it advances arguments challenging the balance due under the contract and the rate of interest to be used.  First, the government contends that R & H has not supported its motion with properly authenticated evidence.  Second, the government objects to the use of the contractual rate of interest.  The government insists that genuine issues of material fact exist "regarding amounts due under the contract and under law" and that summary judgment is therefore inappropriate.  (U.S.A.'s Br. 5.)

**A.**     *Validity of Lien*

A materialmen's lien comes into existence immediately when one provides materials or performs labor upon real property, but the lien remains inchoate until all statutory requirements have been met.  *Metro Bank v. Henderson's Builders Supply Co.,* 613 So. 2d 339, 340 (Ala. 1993) (internal quotation marks and citation omitted); *Tucker v. Trussvile Convalescent Home, Inc.*, 267 So. 2d 438 (Ala. 1972).  In order for the lien to properly attach to the real property and to be perfected, the person claiming the lien must file a verified statement of lien and file suit in the county in which the real property is located.  *Bailey Mortgage Co. v. Gobble-Fite Lumber Co., Inc.,* 565 So. 2d 138, 143 (Ala. 1990).  Upon

---

No. 2:03-cr-259-MHT (M.D. Ala. July 7, 2006) (order) (Doc. # 739).

perfection, "the lien relates back to the date that the materials or labor was provided, and the priority of the lien is determined according to § 35-11-211." *Metro Bank*, 613 So. 2d at 340 (Ala. 1993) (internal quotation marks and citation omitted).

Upon careful consideration of the undisputed evidence,[4] the court finds that R & H has a perfected and valid materialmen's lien and judgment is due to be entered in its favor in the amounts of $152,942.19 and $29,425.09, plus interest. The court is not breaking new ground here. The court concurs in the analysis and conclusion reached by Judge Thompson, who considered the validity of the lien in his June 7, 2006 opinion in the criminal case. "All statutory requirements have been met and a suit for enforcement timely filed." *United States v. Carmichael*, No. 2:03-cr-259-MHT (M.D. Ala. June 7, 2006) (opinion) (Doc. # 708, at *23). The government has since been joined in this action, and it has challenged neither R & H's compliance with the statutory requirements for the creation and perfection of R & H's materialmen's lien nor the lien's priority over the government's interest in the Carmichael Center. Because the government, when it acquired title to the property, had constructive notice of R & H's materialmen's lien by virtue of R & H's earlier filed statement of lien, the government took the property subject to the prior outstanding lien of R & H. *See Greene v. Thompson*, 554 So. 2d 376, 380 (Ala. 1989). Accordingly, R & H's lien is declared valid and perfected, and it attaches to the proceeds of the sale of the

---

[4] The government challenges the authenticity of some of R & H's evidence, yet has not provided any evidence in opposition to the motion or in contradiction to R & H's submission. The court finds that the government's argument is without merit and that the challenged evidence is competent and properly authenticated.

Carmichael Center and may now be enforced.

### B.     *Rate of Interest*

When the court ascertains that the claimant has a valid lien, "judgment shall be entered for the amount" secured by the lien, "interest and costs, against the party liable for the same . . . ." Ala. Code § 35-11-224. Therefore, the interest must be calculated on the judgment amount. The statute is silent as to the appropriate interest rate.

As a threshold matter, the government argues that R & H is not entitled to prejudgment interest because R & H fails to make the showing required by Ala. Code § 8-8-8.[5] (U.S.A.'s Br. 3.) The government appears to argue that prejudgment interest cannot be had because any amount owed on the contract is unliquidated until the court has entered judgment on the lien. The court finds that the evidence presented by R & H clearly establishes that the amount of the debt was certain.[6] There is no doubt that R & H is entitled to prejudgment interest from the date the debt is found to be due. *See Crane v. Wilson*, 261 So. 2d 877, 881 (Ala. 1972); *Harden v. Wood Lumber Co.*, 178 So. 540, 542 (Ala. 1938).

---

[5] Section 8-8-8 establishes the right to prejudgment interest and the date upon which such interest should accrue in the event a contract is breached:

> All contracts, express or implied, for the payment of money, or other thing, or for the performance of any act or duty bear interest from the day such money, or thing, estimating it at its money value, should have been paid, or such act, estimating the compensation therefor in money, performed.

Ala. Code § 8-8-8. The parties do not dispute the applicability of § 8-8-8.

[6] R & H's evidence shows that Carmichael was billed for Estimate 8 in the amount of $152,942.19 on July 28, 2003, and for Estimate 9 in the amount of $29,425.09 on October 1, 2003. Carmichael's payment on Estimate 8 was due on August 15, 2003, and payment on Estimate 9 was due on October 15, 2003.

The parties dispute the applicable rate of interest. R & H seeks the contractual rate of interest, whereas the government takes the position that R & H is "limited to collecting the legal rate of interest." (U.S.A.'s Br. 3.) However, the authority relied upon by the government does not support its argument. *See Fed. Ins. Co. v. Dean Constr. Co.*, 432 F. Supp. 2d 1256 (M.D. Ala. 2006); *Richards v. William Beach Hardware Co.*, 7 So. 2d 492 (Ala. 1942); *Wood v. Cent. Bank of the S.*, 435 So. 2d 1287 (Ala. Civ. App. 1982). These cases are inapposite as they involve actions on contracts or other instruments that did not contain interest rate provisions.

R & H represents that Alabama law does not expressly answer this question but that the law of other jurisdictions supports the application of the contractual interest rate. (R & H's Br. 7-8.). For example, in a mechanic's lien action, a Virginia court awarded prejudgment interest at the contractual rate rather than at the legal rate. *See Marple v. Kerns*, No. 5814, 1084 WL 276232 (Va. Cir. Ct. Feb. 28, 1984). The court reasoned: "[I]t is the opinion of the Court that even though the mechanic's lien remedy is asserted for the collection of the money, nevertheless the obligation arose out of the written contract and the rate of payment, including the interest rate, would be that provided in the contract." *Id*. at *1 (citing *Benner-Williams, Inc. v. Romine*, 437 P.2d 312 (Kan 1968)).

Like the court in *Marple*, this court "perceives no reason not to award the contract rate." *Id*. Therefore, in the absence of any contrary authority, and the government having presented no persuasive reason why the court should ignore the contractual interest rate, the

applicable rate of prejudgment interest is eighteen percent per annum as set forth in the contract.

### III.  CONCLUSION

In accordance with the foregoing, it is ORDERED and DECLARED that:

1.  The Motion for Partial Summary Judgment (Doc. # 2) filed by Reese & Howell, Inc., is GRANTED;

2.  Reese & Howell, Inc., has a valid, perfected, and enforceable materialmen's lien under Alabama law that has priority over the interest of the United States of America;

3.  Judgment in favor of Reese & Howell, Inc., will be entered by separate order in the amounts of $152,942.19, plus $124,976.82 in interest, and $29,425.09, plus $23,159.56 in interest, together with costs of this action, in accordance with the directive of § 35-11-224 of the Alabama Code;

4.  Reese & Howell, Inc., shall file a proposed judgment **on or before March 6, 2008**; and

4.  Each party shall file a report on the status of remaining claims **on or before March 10, 2008**.

Done this 28th day of February, 2008.

                                       /s/  W. Keith Watkins
                                UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

   (b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).