IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| REESE & HOWELL, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION NUMBER: |
| | ) | 2:06-cv-00998 |
| LEON CARMICHAEL, et al | ) | |
| | ) | |
| Defendant | ) | |

**MOTION FOR AWARD OF ATTORNEYS' FEES**

COMES NOW the Plaintiff and moves this Court, pursuant to FRCP Rule 54(d)(2), and moves this Court for an award of Attorneys' fees in this matter. As grounds for this motion, Plaintiff states the following:

1. On April 10, 2008, this Court entered a "Final Judgment" in which it awarded the Plaintiff a Judgment of $330,503.66 plus interest at $89.93 per diem from February 28, 2008, until paid (Doc. 21).

2. The above referenced "Final Judgment" was preceded by a "Memorandum Opinion and Order" dated February 28, 2008, in which this Court made findings and conclusions as to the Plaintiff's claims in this case (Doc 19). The Court's conclusions in Doc 19 were based upon the underlying contract between the Plaintiff and Leon Carmichael, and ultimately enforced that contract. The Court, for instance, enforced the contract provision calling for interest at the rate of 18% per annum.

3. That same contract (Doc #3, Exhibit 1 to Reese Affidavit) requires the Defendant, in addition to the other things to pay a reasonable attorney's fee in the event of default by Carmichael. The fact of Carmichael's default is well established in this case.

4. Under Alabama law, an award of attorney's fees by virtue of a contract provision is well established. Such fees, when appropriate, are a proper measure of the amounts to be awarded in an action to enforce a mechanic's lien. O'Grady v. Bird, 411 So.2d 97, 105 (Ala. 1981).

5. The typical attorney's fee in a collection case is 1/3 of the amount recovered. There are two law firms involved in this matter: Balch & Bingham has been involved in this matter since its inception and has been working on an hourly rate.. Their invoices to-date total over $80,000.00. J. Doyle Fuller was recently retained to assist in this matter. Mr. Fuller's agreement with the Plaintiff is a contingency agreement which provides that his fee will be 1/3 of the amount recovered, less what is paid to Balch & Bingham, but in no event less than 15% of the amount recovered. Plaintiff believes these amounts to be reasonable.

6. Thus, Plaintiff requests an award of attorneys fees equal to 1/3 of the amount of the judgment ($330,503.66 ÷3 = $110,167.88) plus 1/3 of the per diem interest since February 28, 2008.

7. Plaintiff would propose, at hearing, or as directed by the Court, to present evidence as to the reasonableness of the attorney's fee.

Respectfully submitted this the 15th day of April, 2008.

/s/  J. Doyle Fuller

Of Counsel:

J. Doyle Fuller
LAW OFFICE OF J. DOYLE FULLER, P.C.
2851 Zelda Road
Montgomery, Alabama 36106
334-270-0020
334-270-9848 *fax*
*jdf@jdoylefuller.com*


Joseph W. McCorkle
Paul A. Clark
BALCH & BINGHAM
P.O. Box 78
Montgomery, Alabama  36104-0078

**CERTIFICATE OF SERVICE**

    I hereby certify that I have served a copy of the foregoing Motion for Attorneys Fee upon the following:

```
James Knox Argo
Knox Argo & Warren
6706 Taylor Circle
Montgomery, AL 36117

John Thomas Harmon
US Attorneys Office
P.O. Box 197
Montgomery, AL 36101
```

by electronic transmission on this the 15th day of April, 2008.

                                            <u>J. Doyle Fuller</u>
                                            OF COUNSEL